106 F.3d 424
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Darson H. PERSYN, Clotilde Persyn, Florent Baecke, Mildred
V. Baecke, Paul Persyn, Erma Persyn, Raul Jimenez, Sr.,
Aviel L. Broekhove, Josie A. Broekhove, Celeste Persyn
Worrick, Indv. and as Ind. Exec. of Est. of Leona Persyn,
Dec'd, Richard Persyn, Gabriel Thienpont, Emma Persyn, Mary
Rosenbush, Margaret Milam, Hortense Broekhove, 4M
Properties, Inc., Somerset Road Joint Venture, Phil M.
Broekhove, Emiel P. Broekhove, Remi Aelvoet, Marshall
Aelvoet, Richard Aelvoet, Irma Persyn, Elsie Aelvoet
Verelst, Aline Wauters, Raymond Wauters, Lorraine Wauters,
George Verstuyft, Irma Verstuyft, Robert Verstuyft, Raymond
Verstuyft, Norman Verstuyft, Margaret Verstuyft, Roger
Verstuyft, Patricia Verstuyft, Clara Verschelden, Alene
Buys, Clara Verstuyft Persyn, Henry Verstuyft, Juliana V.
Verstuyft, Homer Verstuyft, Yvonne Verstuyft, A.C. Lopez,
Magaret G. Brown, Helaman R. Duran, Irene L. Duran, Henry B.
Garcia, Rosie R. Garcia, Eloy Centeno, Margaret Thienpont,
Aline Oyer, Marie Decock, Robert Cadena, John Miller, Comcal
Group, J.L. Guerra, Hermina L. Guerra, Clotilde Persyn, Ind.
Exec. of Est. of Darson H. Persyn, Dec'd., Frank Persyn,
Henry Joe Persyn, Leslie Ann Persyn, Lorraine Steubing,
Laura Persyn, Successors In Title to Emma Persyn, Dec'd,
Somerset Road Joint Venture, Acting by and through its
members Terry Britton, Martin Weiss, and Michael Weiss,
Marie Aelvoet, Devisee of Remi Aelvoet, Raymond Wauters,
Successor In Title to Aline Wauters, Dec'd, Irma Verstuyft,
Ind. Exec. of Est. of George Verstuyft, Dec'd, Michael
Raymond Verstuyft, Gary Edward Verstuyft, David Alphonse
Verstuyft, Richard John Verstuyft, Julia Louise Verstuyft,
Shirley P. Verstuyft, Successors In Title to Raymond
Verstuyft, Dec'd, Eunice Verstuyft, Indiv. and as Ind. Exec.
of Robert VERSTUYFT, Dec'd, Edward C. Verstuyft, John D.
Verstuyft, Marie Durst, Marvin Verstuyft, Sharon Elaine
Eisenhauer, Mildred Baecke and Alene Buys, as Successors to
Clara Verschelden, Dec'd, George Brown, II, Mary Alice Pons,
Richard Brown, Daniel Brown, Margaret Rose Brown, Successors
in Title to George Brown, Dec'd, Estates of Joe Centeno,
Sr., Dec'd and Jesusa Centeno, Dec'd, Their Devisees and
Heirs Eloy Centeno, Lily Centeno Alfonsin, Alice B. Centeno
Little, Charles Saldana, Carmen Garcia and Roland Naumann,
Co-Administrators with Wills Annexed, J.L. Guerra, Jr., Ind.
Exec. of Est. of J.L. Guerra, Sr. Dec'd., Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5033.
 United States Court of Appeals, Federal Circuit.
 Dec. 27, 1996.
 
 Before ARCHER, Chief Judge, NEWMAN and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 
 1
 Persyn, et al., appeal the orders of the Court of Federal Claims: (1) holding that the Court of Federal Claims had jurisdiction and denying Persyn's motion to "remand"[1] to the United States District Court for the Western District of Texas, Persyn v. United States, No. 91-1535L (Court of Federal Claims, filed Jan. 4, 1995); (2) granting partial summary judgment to the United States ("government") dismissing Persyn's claim for a regulatory taking, Persyn v. United States, 32 Fed. Cl. 579 (1995) ("Persyn I "); and (3) granting the government's motion for Judgment on Partial Findings and dismissing the complaint, Persyn v. United States, 34 Fed. Cl. 187 (1995) ("Persyn II "). The appeal was submitted for our decision following oral argument on November 13, 1996. Because we agree that the appellants' takings claims are time barred, and also agree with the dismissal of appellants' other claims, we affirm.
 
 BACKGROUND
 
 2
 The facts of this case are set out in detail in Persyn II, 34 Fed. Cl. at 190-91. In short, appellants are the owners of 35 tracts of land adjacent to or near the Kelly Air Force Base ("Kelly AFB") in San Antonio, Texas. Kelly AFB has been in continuous operation as an Air Force base since 1917. Persyn sued the United States seeking over $16 million in damages, alleging physical takings under the Fifth Amendment of their properties resulting from overflights of the government's aircraft. They also asserted regulatory takings of their property through the promulgation of Department of Housing and Urban Development ("HUD") regulations and through the passage of related zoning and land-use ordinances by the City of San Antonio.
 
 
 3
 The government was granted partial summary judgment on some of the issues. After a three day trial on the remaining physical takings issue, including arguments and evidence regarding the statute of limitations, the Court of Federal Claims issued an order with opinion granting judgment on partial findings in favor of the United States. The court held that the claims were time barred and rejected Persyn's argument that noise level from overflights must "stabilize" before any cause of action accrues.
 
 DISCUSSION
 I.
 
 4
 Appellants claim avigation easements by physical taking from overflights of aircraft into and out of Kelly AFB. An overflight avigation easement taking is established by proof of three elements: (1) the aircraft flights must be directly over the property; (2) the flights must be low and frequent; and (3) the flights must substantially interfere with the use and enjoyment of the property. United States v. Causby, 328 U.S. 256, 266 (1946); A.J. Hodges Indus., Inc. v. United States, 355 F.2d 592, 595 (Ct.Cl.1966). Furthermore, a claim must be brought in a timely fashion: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (1994). Appellants filed their claim July 15, 1988. The critical date for statute of limitation purposes is therefore July 15, 1982.
 
 
 5
 The government argued below, and the trial court held, that appellants' causes of action accrued prior to 1982 and thus their claims were barred. Appellants argue that the trial court erred because the causes of action did not accrue until the interference had "stabilized." They cite Applegate v. United States, 25 F.3d 1579 (Fed.Cir.1994), in support of this argument. In Applegate, this court decided that the cause of action for a taking via a gradual erosion of land did not accrue until it was clear how much erosion would take place--that is, until the erosion had stabilized. In reaching its decision, the Applegate court relied on United States v. Dickinson, 331 U.S. 745 (1947). Dickinson involved the building of a dam which caused intermittent flooding of the plaintiffs' land. 331 U.S. at 746-47. The Supreme Court held that the plaintiffs could delay filing suit until the full extent of the damage was clear. Id. at 749. The policy in Applegate, Dickinson, and other "stabilization" cases is to avoid piecemeal litigation and the res judicata risks to plaintiffs attendant to piecemeal litigation. The Dickinson stabilization doctrine has been applied in the avigation easement context. Avery v. United States, 330 F.2d 640, 643 (Ct.Cl.1964) (holding that a "new and further taking" had occurred when "greater noise, greater inconvenience and a further reduction of land values" were caused by increased operations and new aircraft introductions."); Aaron v. United States, 311 F.2d 798, 800-01 (Ct.Cl.1963) ("Before that time [that the Air Force started making test flights, the plaintiffs] were uncertain just how serious the impairment would be or how long it would continue. Before that time we do not think the statute of limitations had begun to run...."); Klein v. United States, 152 Ct. Cl. 221, 223-24 (1960) ("where at the outset it was not known to what extent the jet planes would pass over the property and, hence, whether or not the condition would become intolerable, plaintiffs' cause of action had not fully accrued and did not fully accrue until such conditions had come to pass or the extent of the use and the consequent interference with plaintiffs' use and enjoyment of their property was known or ascertainable").
 
 
 6
 Appellants argue that their causes of action accrued well after the 1982 critical date because noise levels did not stabilize until 1985. However, the law is clear that stabilization of the noise level is not dispositive. Rather, the dispositive issue is when the noise level reached an intolerable level and resulted in a taking. We agree with the Court of Federal Claims that the general principle of Dickinson applies: "a claim for taking based on continuing acts of physical invasion does not accrue until the extent of the invasion and the degree of the interference is known or should be known." Persyn II, 34 Fed. Cl. at 197 (citing Aaron, 311 F.2d at 801). We further agree with the trial court that "the extent of the invasion and the degree of interference is ascertainable when the United States begins to operate its aircraft at low elevation and with such frequency that they substantially interfere with the use and enjoyment of the land, with the intent to continue such flights indefinitely." Id. (citing A.J. Hodges, 355 F.2d at 596).
 
 
 7
 After trial, the Court of Federal Claims found that there was substantial interference with the use and enjoyment of each of the parcels before 1981. Based on the evidence adduced at trial, we cannot hold that this finding was clearly erroneous. Since the causes of action accrued before the critical date, appellants' claims are time barred.
 
 II.
 
 8
 We have carefully considered appellants' arguments regarding jurisdiction, the application of Texas law, and regulatory takings, and we affirm the rulings of the trial court for the reasons set forth in the trial court's orders.
 
 
 
 [1]
 The plaintiffs moved for "remand" to the district court, but the Court of Federal Claims properly treated the motion as one for transfer. It is the denial of the transfer which we affirm